UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**JENNIFER SCHNEIDER**
*on behalf of minor child A.T.,*

        **Plaintiff,**

v.                   18-CV-1431V(Sr)

**CITY OF BUFFALO, et al.,**

        **Defendants.**

---

## DECISION AND ORDER

    Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that her child's school teacher, defendant Mark Magavern, assaulted her minor child while he was attending summer school at Southside Elementary School on July 19, 2018. Dkt. #1.

    Plaintiff served defendants with discovery demands and interrogatories on August 26, 2019. Dkt. #17-1. By email dated February 21, 2020 and March 1, 2020, plaintiff requested that defendants respond to plaintiff's discovery demands and interrogatories and advised that plaintiff would file a motion to compel should such responses not be received promptly. Dkt. #17-3.

    Currently before the Court is plaintiff's motion to compel (Dkt. #17), and motion to extend the Case Management Order. Dkt. #22.

On March 27, 2020, in response to plaintiff's motion to compel, defendants responded to plaintiff's discovery demands. Dkt. #19. Counsel for defendants requests that the motion to compel be denied as moot and attempts to blame the delay in responding to plaintiff's discovery demands upon the "many difficulties posed to the nation and the world" because of Covid-19. Dkt. #19, ¶ 8.

Plaintiff responds that defendants' discovery responses are "riddled with objections as opposed to actual responses" and challenges defendants' excuse for their six-month delay, noting that the coronavirus was not a concern as defendants' ignored their discovery obligations in September, October, November and December of 2019 and in January and February of this year. Dkt. #21, ¶¶ 3 & 10. Plaintiff argues that defendants' objections are waived due to their delay in responding and asks that defendants' answer be stricken as a sanction for defendants' failure to comply with their discovery obligations. Dkt. #21, ¶ ¶ 4-8 & 11.

Pursuant to Rule 33(b)(2) of the Federal Rules of Civil Procedure, absent stipulation between the parties or order of the court, "[t]he responding party must serve its answers and any objections within 30 days after being served with the Interrogatories." Similarly, pursuant to Rule 34 (a)(2)(A), absent stipulation between the parties or order of the court, "[t]he party to whom [document demands are] directed must respond in writing within 30 days after being served." Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted –
> or if the disclosure or requested discovery is provided after

>    the motion was filed – the court must, after giving an
>    opportunity to be heard, require the party or deponent whose
>    conduct necessitated the motion, the party or attorney
>    advising that conduct, or both of them to pay the movant's
>    reasonable expenses incurred in making the motion,
>    including attorney's fees.  But, the court must not order this
>    payment if:
>
>    (I)     the movant filed the motion before attempting
>            in good faith to obtain the disclosure or
>            discovery without court action;
>
>    (ii)    the opposing party's nondisclosure, response,
>            or objection was substantially justified; or
>
>    (iii)   other circumstances make an award of
>            expenses unjust.

In as much as defendants failed to seek an extension of time to respond to plaintiff's discovery requests from either plaintiff's counsel or the Court and failed to proffer any justification for their failure to respond to plaintiff's discovery demands before plaintiff filed this motion to compel, which the Court notes was prior to the declaration of disaster emergency issued by the State of New York and prior to the declaration of a national emergency by the United States, the Court finds that defendants have failed to proffer any substantial justification for their failure to respond to plaintiff's discovery demands before plaintiff filed this motion to compel. The Court further finds that the record does not suggest any circumstances which would make it unjust to compensate plaintiff for the costs of having to file this motion to compel. Accordingly, the Court directs defendants to pay to plaintiff the reasonable costs and attorney's fees of this motion to compel, which the Court estimates to be $750, unless defendants object to this estimation no later than **May 22, 2020**, in which case plaintiff's

counsel shall submit an affidavit setting forth the actual cost of preparing the motion to compel and reply to the motion to compel for the Court's calculation of actual expenses no later than **June 12, 2020.**

The parties shall meet and confer regarding defendants' objections to plaintiff's discovery demands and, to the extent that such objections cannot be resolved, plaintiff shall file an updated motion to compel no later than **June 12, 2020.** Should such a motion to compel be necessary, the parties should specifically address the implications of the Family Educational Rights and Privacy Act ("FERPA"), upon the outstanding discovery demands.

In the event that the parties are able to resolve the outstanding discovery issues, the deadlines in the Case Management Order are extended as follows: discovery shall be completed by **September 4, 2020** and dispositive motions shall be filed by **October 9, 2020.**

**SO ORDERED.**

DATED:   Buffalo, New York
         May 6, 2020

                          *s/ H. Kenneth Schroeder, Jr.*
                          **H. KENNETH SCHROEDER, JR.**
                          **United States Magistrate Judge**