UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**JENNIFER SCHNEIDER**
*on behalf of minor child A.T.,*

                        **Plaintiff,**

v.                                                               18-CV-1431V(Sr)

**CITY OF BUFFALO, et al.,**

                        **Defendants.**

---

## DECISION AND ORDER

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that her child's school teacher, defendant Mark Magavern, assaulted her minor child while he was attending summer school at Southside Elementary School on July 19, 2018. Dkt. #1.

By Decision and Order entered May 6, 2020, the Court determined that defendants had failed to proffer substantial justification for their failure to respond to plaintiff's discovery demands before plaintiff moved to compel and, finding no suggestion of circumstances that would make it unjust to compensate plaintiff for the costs of filing a motion to compel, directed defendants to pay plaintiff the reasonable costs and attorney's fees of the motion to compel, which the Court estimated to be $750, unless defendants objected, in which case plaintiff's counsel was directed to submit an affidavit setting forth the actual cost of preparing the motion to compel and reply to the motion to compel for the Court's calculation of actual expenses. Dkt. #25.

**Motion for Reconsideration**

Defense counsel moves for reconsideration of the award of attorney's fees, explaining that counsel was unable to provide a comprehensive response to plaintiff's motion to compel because he was not allowed in his office at the time his response was due because of the COVID-19 pandemic. Dkt. #26, ¶ 6. In reliance upon this representation, the Court grants defense counsel's request for reconsideration.

Defense counsel argues that he should not be required to pay attorney's fees for plaintiff's motion to compel because he informed plaintiff as early as defendants' Rule 26 disclosure that the Family Educational Rights and Privacy Act ("FERPA"), would prevent defendants from producing videos of photographs absent a judicial order or lawfully issued subpoena and he reiterated the need for a Court Order to divulge the class roster in an email he sent to plaintiff on February 27, 2020. Dkt. #26, ¶¶ 8-9. & 17. Defense counsel also argues that the motion to compel was premature and that plaintiff did not confer in good faith when he set a seven-day deadline to respond to outstanding discovery demands before filing the motion to compel. Dkt. #26, ¶¶ 13-14. Defense counsel notes that "at the time of plaintiff's initial good faith request, school closings for Winter break and weather impeded immediate responses on the issues for discovery and depositions. Dkt. #26, ¶ 18. Defense counsel also argues that plaintiff had not responded to defendants' discovery demands and that he expected that the parties would extend the case management order to permit document discovery to be completed before depositions. Dkt. #26, ¶ ¶ 22-24. Defense counsel complains that, having delayed discovery for six months, plaintiff's counsel moved to compel a mere two weeks after his good faith attempt to confer with

defendants. Dkt. #26, ¶ 21. Finally, defense counsel argues that, in response to the motion to compel, he responded to plaintiff's discovery demands as best as he was able and expected the motion to be withdrawn. Dkt. #26, ¶¶ 25-32.

Plaintiff responds that defendants have not presented any information that the Court overlooked or which would alter the Court's determination that attorney's fees are warranted but are simply seeking to relitigate the Court's prior decision. Dkt. #34, ¶ 6.

"It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment . . . ." *In re U.S.*, 733 F.2d 10, 13 (2d Cir. 1984). However, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "should not be granted where the moving party seeks solely to re-litigate an issue already decided." *Id.* Stated another way, a motion for reconsideration should be granted only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Rule 60(b)(1) of the Federal Rules of Civil Procedure specifically provides that a court may relieve a party from an order based upon mistake, inadvertence, surprise or excusable neglect.

3

Defendants did not respond to plaintiff's discovery demands, which were served on August 26, 2019 (Dkt. #17-1), until they responded to plaintiff's motion to compel on March 27, 2020. Dkt. #19. As set forth in its prior Decision and Order (Dkt. #25), Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if the requested discovery is provided after the motion to compel was filed, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant filed the motion before attempting in good faith to obtain the discovery without court action; the nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Plaintiff's motion to compel, which was filed on March 6, 2020 (Dkt. #17), was filed after sufficient warning to defendants, *to wit*, an email dated February 21, 2020 stating that a motion to compel would be filed absent receipt of discovery responses by March 1, 2020 and another email dated March 1, 2020 reiterating that a motion to compel would be filed unless plaintiff sufficiently responded to the discovery demands by March 4, 2020. Dkt. #26-5. Even assuming defendants had valid objections to certain requests, they were not free to ignore plaintiff's discovery demands altogether, but were required to assert their objections in a timely response to the duly served discovery demands. This obligation exists regardless of plaintiff's purported outstanding discovery responses, which are addressed below. Accordingly, upon reconsideration, the Court upholds its determination to award plaintiff's counsel reasonable attorney's fees relating to the filing of the motion to compel.

**Attorney's' Fees**

Plaintiff's counsel declares that he spent 2.5 hours researching, drafting and editing the motion to compel and 1.5 hours drafting the reply affidavit. Dkt. #34-1, ¶¶ 4-8.  Plaintiff's counsel declares that although he usually accepts federal civil rights cases on contingency, his billable hourly rate is $350. Dkt. #34-1, ¶ 6. Accordingly, plaintiff seeks an award of attorneys' fees in the amount of $1,500. Dkt. #34-1, ¶ 9.

Defendants argue that $350 per hour is "egregious" and note that the motion to compel contains boilerplate language. Dkt. #35, ¶ 9. ¶¶ 9-10. Defendants note that counsel is representing plaintiff on a contingency basis, so plaintiff will not be charged for the cost of the motion to compel. Dkt. #35, ¶ 12.

The calculation of a presumptively reasonable attorney's fee is generally governed by the lodestar approach, which requires the Court to multiply "the number of hours reasonably expended" by a "reasonable hourly rate."  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *See Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (lodestar approach has "become the guiding light of our fee-shifting jurisprudence."). In order to properly assess whether hours were reasonably expended, the application should include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).  "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of

5

trimming fat from a fee application." *Id.* (internal quotations and citations omitted).  A reasonable rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *See Townsend v. Benjamin Enterprises, Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (determination of reasonably hourly rate contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill within the district). "[T]rial courts enjoy considerable discretion in determining the appropriate amount of attorney fees."  *Weitzman*, 98 F.3d 717, 720 (2d Cir. 1996).

Plaintiff's motion to compel was supported by an affirmation containing legal authority supporting his request for sanctions (Dkt. #17), as well as a reply affidavit responding to defendants' arguments. Dkt. #21. Upon review of these documents, the Court finds counsel's expenditure of four hours to be reasonable. However, plaintiff's affirmation fails to explain his experience or expertise to support the hourly rate requested and the legal skills required for a relatively boilerplate motion to compel would not warrant such an hourly rate. As a result, the Court exercises its discretion to apply an hourly rate of $150 for the time spent on the motion to compel, thereby reducing the award of attorneys' fees to $600.

### Motion to Compel

Defendants move to compel responses to an email request, dated July 10, 2019, that plaintiff provide: (1) copies of all recruitment letters and statements from Canisius High School and St. Francis High School; (2) an authorization to collect

chiropractic/medical records from Dr. Owens' office, including intake notes provided by plaintiff; and (3) the name of the referring physician and an authorization to obtain medical records and notes from the referring physician. Dkt. #30 & Dkt. #30-2.

On March 5, 2020, defense counsel sent an email requesting authorizations for release of records from the Buffalo Board of Education and any prior schools the plaintiff attended. Dkt. #30-3. In that email, defense counsel noted that he had not yet received an authorization for Dr. Owens' office or the referring physician's office and also requested an authorization for the emergency room treatment facility, noting that Kaleida may require a specific authorization. Dkt. #30-3. Defense counsel also noted that he had not yet received an authorization for Canisuis High School or St. Francis High School or even copies of the recruitment letters and statements referenced by plaintiff. Dkt. #30-3.

By letter dated March 13, 2020, plaintiff's counsel enclosed an authorization for disclosure of education records from the City of Buffalo Board of Education; St. Francis High School; Bishop Timon-St. Jude High School; and Canisius High School. Dkt. #30-4.

Defense counsel argues that the educational authorization is defective because the plaintiff's date of birth is not correct. Dkt. #30, ¶ 10. Defense counsel states that he advised plaintiff's counsel of this fact in his affirmation in opposition to plaintiff's motion to compel dated March 27, 2020. Dkt. #30, ¶ 11. Defense counsel argues that plaintiff has still not provided appropriate authorizations for educational records, medical authorizations or copies of recruitment letters and statements. Dkt. #30, ¶ ¶ 11-13.

Plaintiff responds that defendants never served discovery demands as required by the Federal Rules of Civil Procedure. Dkt. #33, ¶¶ 4-8. In any event, plaintiff's counsel affirms that he provided defense counsel with an Authorization for Release of Health Information pursuant to HIPAA which has been approved by the New York State Department of Health, authorizing release of information from Kaleida Health, as well as an Education Records Authorization for the City of Buffalo Board of Education; St. Francis High School; Bishop Timon-St. Jude High School; and Canisus High School. Dkt. #33-1. Plaintiff's counsel argues that it is not common practice to demand that opposing counsel produce the authorization sought, but rather for the party seeking records to provide an authorization to the opposing party for signature. Dkt. #33, ¶ 14. Moreover, plaintiff's counsel sent defense counsel an email dated May 26, 2020 stating that he believed he had sent everything and inquiring as to what authorizations defense counsel was still seeking. Dkt. #33-2.

Defendants reply that the authorization for Kaleida is inadequate, as Kaleida requires its own multi-page form, which plaintiff has failed to provide. Dkt. #37, ¶ 1. Defendants further reply that the educational authorizations were returned with the incorrect date of birth crossed out and the correct date of birth written in without initialization of the correction, raising concern as to whether the authorizations will be accepted by the educational institutions. Dkt. #37, ¶ 2. Finally, defendants reply that plaintiff has not responded to their request for recruitment documents. Dkt. #37, ¶ 3. Because plaintiff failed to respond to the request for authorizations until May 26, 2020, which was subsequent to the filing of the motion to compel on May 22, 2020, defendants request attorney's fees Dkt. #37, ¶ 5.

Although informal exchange of discovery is certainly permissible, the appropriate mechanism for obtaining documents is set forth in Rule 34 of the Federal Rules of Civil Procedure. Where documents are not requested pursuant to this mechanism, but in a "highly informal, extra-procedural manner" such as a letter, the party evading the formality of a document demand may not rely upon Rule 37 of the Federal Rules of Civil Procedure to obtain compliance. *Schwartz v. Marketing Pub. Co.*, 153 F.R.D. 16, 21 & n.12 (D. Ct. 1994) ("the entire enforcement mechanism of Rule 37 contemplates the parties having formally resorted to the underlying discovery rule, in this case Rule 34, rather than a casual, informal request contained in a letter."). Thus, defendants' motion to compel is denied without prejudice.

Discovery shall be completed by **January 28, 2022.**

Dispositive motions shall be filed by **February 25, 2022.**

**SO ORDERED.**

DATED:   Buffalo, New York
         October 29, 2021

     *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

9